IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES R. WASHINGTON,

    Plaintiff,

v.

MICHAEL DITTMANN, SUE NOVAK,
LARRY FUCHS, and TRISH ANDERSON,[1]

    Defendants.

OPINION and ORDER

23-cv-344-wmc

---

    This court granted plaintiff James Washington leave to proceed on two different claims: (1) a First Amendment retaliation claim that defendant Trish Anderson, a nurse at Columbia Correctional Institution ("CCI"), canceled a medical restriction allowing him to alternate his recreation privilege with his access to the law library in July 2017, after he complained that the restriction was not being honored; and (2) an Eighth Amendment claim that Anderson and the other defendants (CCI Warden Larry Fuchs, and former CCI Wardens Michael Dittmann and Sue Novak) consciously disregarded a substantial risk to plaintiff's health by ignoring his grievances for an alternate schedule allowing him to use all his law library time and still exercise. Defendants have moved for summary judgment on the grounds that plaintiff failed to exhaust his administrative remedies under the Prison Litigation Reform Act ("PLRA") with respect to any of his claims, and alternatively moved to dismiss plaintiff's complaint under Fed. R. Civ. P. 12(b)(6). (Dkt. #23.)

---

[1] The court has revised the caption to reflect the correct spelling of defendant Dittmann's last name.

For the reasons below, defendants' motion for summary judgment will be granted in part and denied in part. The court agrees that plaintiff failed to exhaust his administrative remedies with respect to his First Amendment claim against defendant Anderson, but all defendants failed to meet their burden to show that plaintiff did not exhaust his Eighth Amendment claims against them. Although defendants also argue that plaintiff has failed to state a claim upon which relief may be granted, a motion to dismiss under Fed. R. Civ. P. 12(b)(6) must be made *before* a responsive pleading is filed. Thus, defendants' alternative motion will be denied as untimely because the pleadings in this case closed in November of 2023.

BACKGROUND

A.  PLRA Exhaustion Requirement

Under the PLRA, "[a]n inmate complaining about prison conditions must exhaust administrative remedies before filing suit." *Conyers v. Abitz*, 416 F.3d 580, 584 (7th Cir. 2005). The PLRA's exhaustion requirement is mandatory. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019) ("We take a strict compliance approach to exhaustion." (alteration adopted)). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002); *see also Lanaghan v. Koch*, 902 F.3d 683, 687 (7th Cir. 2018) ("State law establishes the administrative remedies that a state prisoner must exhaust for purposes of the PLRA."). Failure to exhaust requires dismissal of a prisoner's case without prejudice. *Ford v. Johnson*,

362 F.3d 395, 401 (7th Cir. 2004). However, prisoners are required to exhaust only the administrative remedies that are available to them. *Ross v. Blake*, 578 U.S. 632, 642 (2016). Defendants bear the burden of proving the affirmative defense of failure to exhaust and the availability of administrative remedies. *Lockett*, 937 F.3d at 1025; *Kaba v. Stepp*, 458 F.3d 678, 686 (7th Cir. 2006).

B. **Inmate Complaint Process in Wisconsin**

The Wisconsin Department of Corrections ("DOC") maintains a complaint process in all state adult prisons. *See* Wis. Admin. Code DOC § 310.01.[2] A prisoner must file a complaint with the institution complaint examiner ("ICE") within 14 days after the occurrence giving rise to the complaint. § 310.09 (eff. to Mar. 31, 2018). The complaint may contain only *one*, clearly-identified issue and must provide sufficient information for the department to investigate and decide the complaint. *Id.*; *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013) (quoting *Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004)) ("The exhaustion requirement's primary purpose is to 'alert [ ] the state' to the problem 'and invit[e] corrective action.'"); *Strong v. David*, 297 F.3d 646, 560 (7th Cir. 2002) (complaint need not lay out facts, articulate legal theories, or demand particular relief, but it must "object intelligibly to some asserted shortcoming").

---

[2] On April 1, 2018, DOC promulgated a new rule replacing Wis. Admin. Code § DOC Ch. 310. All citations are to the previous version in effect on March 31, 2018, which was in effect when plaintiff allegedly first began experiencing the problems with the law library policy.

3

If the complaint is not rejected outright, the ICE recommends affirming or dismissing the complaint to the reviewing authority. § 310.11(11) (eff. to Mar. 31, 2018). The reviewing authority then affirms the complaint, dismisses it, or returns it to the ICE for further investigation. § 310.12(1)-(2) (eff. to Mar. 31, 2018). The warden acts as the reviewing authority for inmate complaints, with the exception of complaints related to medical issues. The prisoner may appeal the reviewing authority's decision within 14 days to the corrections complaint examiner ("CCE") for a recommendation to the secretary. § 310.13 (eff. to Mar. 31, 2018). The office of the secretary makes a final decision, affirming or dismissing the CCE's recommendation, or returning the appeal for further investigation. § 310.14(2)-(3) (eff. to Mar. 31, 2018).

C. Plaintiff's Inmate Complaints

Here, plaintiff has alleged that DOC instituted a policy effective June 1, 2017, requiring prisoners to use all of their regular law library time before they could use any extra time for the law library. According to plaintiff, this policy stopped him from exercising because he had only one block of time to use *either* for his regular law library time or exercise, and he needed the law library time. Defendants argue that plaintiff failed to exhaust these claims because he did not raise any of this alleged misconduct in the inmate complaints that he filed related to the policy or his lack of ability to exercise.

Specifically, the parties do not dispute that plaintiff filed nine inmate complaints related to either his medical care or his use of the law library between 2017 and 2021 (*see* dkt. ##26 and 32), and plaintiff does not dispute that three of those complaints (CCI-

4

2017-18440, CCI-2018-11140, and CCI-2020-7093) are irrelevant to his lawsuit (*see* dkt. #31, at ¶¶ 19-20).  The remaining six complaints include the following:

1. **CCI-2017-13785, received May 26, 2017**, in which plaintiff complains that it is unconstitutional to make inmates choose between using the law library and recreation time.  No defendant is named in the complaint, but defendant Dittmann was the reviewing authority who dismissed the complaint on June 16, 2017.  (*See* dkt. #26-2, at 3, 10-12; dkt. #32-5, at 1-3.)

2. **CCI-2017-18931, received July 24, 2017**, in which plaintiff complains that he was denied the every-other-day exercise ordered by his doctor (i.e., alternating daily exercise with law library time) because the law librarian enforced CCI's library access policy.  No defendant is named in the complaint, but defendant Dittmann was the reviewing authority who dismissed the complaint on September 13, 2017.  (*See* dkt. #26-3, at 5, 8-11; dkt. #32-5, at 8-11.)

3. **CCI-2017-19449, received July 31, 2017**, in which plaintiff complains that at the request of the CCI education director, defendant Anderson improperly rescinded a doctor-ordered treatment that he be allowed to alternate the days that he used the law library and exercised because the education director did not like the restriction and its conflict with DOC policy.  (*See* dkt. #26-10, at 10-12; dkt. #32-5, at 15-18.)

4. **CCI-2017-20267, received August 9, 2017**, in which plaintiff complains that the law librarian gained access to confidential medical information about his hip and feet problems through HSU's head nurse and the education department director while looking into his medical restriction regarding the law library.  No defendant is named in the complaint, but defendant Anderson appears to be the head nurse referred to in the complaint,[3] and defendant Dittmann was the reviewing authority who dismissed the complaint on September 19, 2017.  (*See* dkt. #26-4, at 3 and 10-12.)

5. **CCI-2020-20834, received December 1, 2020**, in which plaintiff complains about having to choose using the law library over taking recreation time, which caused his health to suffer.  No defendant is named in the complaint, but plaintiff states in the complaint that he had previously written Deputy Warden Olson about the issue, and defendant Warden Fuchs dismissed the complaint as the reviewing authority on December 17, 2020.  (*See* dkt. #26-7, at 3; dkt. #32-6, at 1-2.)

---

[3] Plaintiff refers to Anderson as the head nurse in complaint 2017-19449.

6. **CCI-2021-1418, received January 25, 2021**, in which plaintiff complains about having to choose between recreation and using the law library. No defendant is named in the complaint, but defendant Fuchs was the reviewing authority who rejected plaintiff's appeal as untimely on February 12, 2021. (*See* dkt. #26-8, at 5 and 8-9.)

OPINION

I. Claims Against Anderson

The only complaints that mention defendant Anderson and her cancellation of the medical order regarding alternating recreation and library time are CCI-2017-19449 and CCI-2017-20267. The focus of complaint 2017-20267 is the release of plaintiff's confidential medical information, which is not the basis of any of his claims in this lawsuit. However, complaint 2017-19449 notifies the prison that plaintiff believed that Anderson wrongfully terminated the doctor order regarding his use of recreation and law library time. But none of plaintiff's complaints mention retaliation or otherwise alert the prison that he engaged in protected conduct that caused Anderson to cancel the order. *See Lockett v. Goff*, No. 17-cv-93, 2017 WL 4083594, at *2 (W.D. Wis. Sept. 13, 2017) (citations omitted) (a grievance concerning retaliation must identify both the retaliatory act *and* the protected conduct that provoked the retaliation).

Here, plaintiff's only relevant complaint merely states that Anderson, the librarian, and CCI's education director did not want to enforce the doctor's order because it conflicted with DOC policy, which is insufficient to put the prison on notice of the nature of the wrong. While plaintiff represents that he raised the issue of retaliation in his appeal of complaint 2017-18931, a review of that appeal does not support his contention. (*See*

dkt. #26-3, at 18-19; dkt. #32-5, at 13-14). In any event, raising the issue of retaliation for the first time on appeal fails to comply with DOC's complaint process. *See Price v. Friedrich*, 816 F. App'x 8, 10 (7th Cir. 2020) (While plaintiff mentioned "retribution" and "abuse for filing complaints" in grievance appeals, he "failed to apprise the complaint examiner of his [retaliation] claim by first mentioning it in any of his underlying grievances.").

Accordingly, the court concludes that defendants have met their burden of showing that plaintiff failed to exhaust his First Amendment retaliation claim against Anderson and will dismiss that claim without prejudice for lack of exhaustion. However, defendants' motion will be denied as to plaintiff's Eighth Amendment claim against Anderson because plaintiff's complaint 2017-19449 meets the threshold requirement of putting the prison on notice that she allegedly disregarded a substantial risk to plaintiff's health by rescinding his medical restriction for an invalid, non-medical reason.

II.     **Claims Against Wardens Dittmann, Novak, and Fuchs**

Defendants have submitted evidence that: Dittmann was the warden at CCI from March 23, 2008 through July of 2018; Novak was the warden from August 19, 2018 to May 23, 2020; and Fuchs has been the warden since May 24, 2020. While defendants admit that plaintiff filed at least seven claims related to the enforcement of the law library policy at CCI between 2017 and 2021, and that defendants Dittmann and Fuchs acted as the reviewing authority on plaintiff's appeals of the denial of those complaints, they argue that plaintiff never mentioned any wrongdoing by the wardens in particular. However,

7

plaintiff's Eighth Amendment claims against the wardens are based on their continued enforcement of a law library policy despite their knowledge that the policy led to health complications for plaintiff. Thus, plaintiff's numerous complaints about the policy served their function by providing prison officials, including each of the wardens, a fair opportunity to address the allegedly harmful policy. *See Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011) (holding similar with respect to complaint about administrative decision to cancel certain religious services). The fact that plaintiff did not specifically name the wardens in his inmate complaints does not mean that he failed to exhaust his administrative remedies. *Id.* Indeed, plaintiff regularly complained about the enforcement of a DOC policy at CCI, and "it belies reason to suggest that prison administrators . . . were unaware of who was responsible for that decision" or what needed to be investigated. *Id.*; *see also Turley*, 729 F.3d at 650 ("[P]risoners need not file multiple, successive grievances raising the same issue (such as prison conditions or policies) if the objectionable condition is continuing."); *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002) ("[T]he grievant need not lay out the facts, articulate legal theories, or demand particular relief. All the grievan[t] need do is object intelligibly to some asserted shortcoming.").

In fact, defendants Dittmann and Fuchs were directly involved in denying plaintiff's complaints, and defendant Novak personally responded to plaintiff's family member in 2019, with regard to his and other inmates having to choose between recreation and library time. (*See* dkt. #32-6, at 7.) Accordingly, the court finds that plaintiff's inmate complaints meet the threshold requirement of putting the prison on notice of the Eighth Amendment

8

claims against defendants Dittmann, Novak, and Fuchs as well, and will deny their motion for summary judgment with respect to those claims.

## ORDER

IT IS ORDERED that the motion for summary judgment filed by defendants Trish Anderson, Michael Dittman, Sue Novak, and Larry Fuchs (dkt. #23) is GRANTED IN PART and DENIED IN PART:

1) Plaintiff's First Amendment claim against defendant Trish Anderson is DISMISSED without prejudice for his failure to exhaust his administrative remedies.

2) Defendants' motion is DENIED in all other respects, and this case will proceed on plaintiff's Eighth Amendment claims against the four named defendants.

Entered this 23rd day of October, 2024.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge